# EXHIBIT A

## Case Information

DC-17-00733 | LAEL ROGERS, et al vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

| Case Number | Court | File Date |
|---|---|---|
| DC-17-00733 | 68th District Court | 01/19/2017 |
| Case Type | Case Status | |
| CNTR CNSMR COM DEBT | OPEN | |

## Party

PLAINTIFF
ROGERS, LAEL

Address
1021 SADDLEBROOK DRIVE
ALLEN TX 75002

Active Attorneys ▼
Lead Attorney
SEID, KELLEY A
Retained

Work Phone
713-334-6121

Fax Phone
713-322-5953

PLAINTIFF
ROGERS, SCOTT

Address
1021 SADDLEBROOK DRIVE
ALLEN TX 75002

DEFENDANT
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

Address
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

## Events and Hearings

01/19/2017 NEW CASE FILED (OCA) - CIVIL

01/19/2017 ORIGINAL PETITION ▼

2017-01-19 POP(Client ID - 214).pdf

01/19/2017 REQUEST FOR SERVICE ▼

CPR-KS.pdf

01/19/2017 CASE FILING COVER SHEET ▼

InfoSheet - KS.pdf

01/19/2017 JURY DEMAND

01/19/2017 ISSUE CITATION ▼

ISSUE CITATION

Comment
9214 8901 0661 5400 0101 7294 62

01/25/2017 CITATION ▼

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Actual Server
CERTIFIED MAIL

Returned
02/01/2017
Comment
CERT MAIL KK

02/01/2017 RETURN OF SERVICE ▼

ALLSTATE

Comment
CIT EXEC 1/30/17 CERT MAIL

11/28/2017 Jury Trial - Civil ▼

Judicial Officer
HOFFMAN, MARTIN

Hearing Time
9:00 AM

Comment
1ST TRL SETTING - ASSIGNED MEDIATOR AND MLD OUT NTCS

## Financial

ROGERS, LAEL

|  |  |  |  |  |
|---|---|---|---|---|
| | Total Financial Assessment | | | $435.00 |
| | Total Payments and Credits | | | $435.00 |
| 1/20/2017 | Transaction Assessment | | | $435.00 |
| 1/20/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 3763-2017-DCLK | ROGERS, LAEL | ($435.00) |

## Documents

2017-01-19 POP(Client ID - 214).pdf

CPR-KS.pdf

InfoSheet - KS.pdf

ISSUE CITATION

ALLSTATE

FILED
DALLAS COUNTY
1/19/2017 3:45:14 PM
FELICIA PITRE
DISTRICT CLERK

Stephanie Clark

CAUSE NO. DC-17-00733 _____

| | | |
|---|---|---|
| **LAEL AND SCOTT ROGERS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| **V.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY** | § | **_____ JUDICIAL DISTRICT** |
| *Defendant* | § | |

---

## PLAINTIFFS LAEL AND SCOTT ROGERS' ORIGINAL PETITION

---

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Lael and Scott Rogers, (hereinafter referred to as "Plaintiffs"), complaining of

Allstate Vehicle and Property Insurance Company, (hereinafter referred to as "Defendant") and for cause of

action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and

    affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil

    Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2.  Plaintiffs are individuals residing in Dallas County, Texas.

3.  Defendant is a foreign insurance company engaging in the business of insurance in the State of Texas.

    Defendant may be served with process by serving its registered agent of service, C T Corporation System,

    located at the following address: 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

---

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant because Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Defendant sought out and marketed for insurance in Texas and has "purposefully availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6.  Venue is proper in Dallas County, Texas, because the Property is situated in Dallas County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.  Plaintiffs purchased a policy from Defendant Allstate Vehicle and Property Insurance Company, (hereinafter referred to as "the Policy"), which was in effect at the time of loss.

8.  The Policy was purchased to insure Plaintiffs' property, (hereinafter referred to as "the Property"), which is located at 1021 Saddlebrook Drive, Allen, Texas 75002-7688.

9.  Defendant and/or its agent sold the Policy insuring the Property to Plaintiffs.

10. Plaintiffs are "consumers" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because they are individuals who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about April 11, 2016, Plaintiffs experienced a severe weather related event which caused substantial hail and wind damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant. Plaintiffs subsequently opened a claim, and Defendant assigned an adjuster to adjust the claim. On July 28, 2016, Defendant's assigned adjuster inspected the Property. Defendant's assigned adjuster wrongfully and intentionally estimated the damage in order to refuse issuing a payment. Specifically, Defendant's assigned adjuster estimated the replacement cost of the Property to be $512.62, less the deductible in the amount of $3,000.00. Defendant's assigned adjuster estimated for the removal of three rain caps, priming and painting three roof vents, and roofing labor. However, Defendant wrongfully and intentionally failed to provide the estimate until the Property was re-inspected. This bad faith conduct indicates Defendant's intention to wrongfully underpay Plaintiffs' claim and refuse to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

12. Defendant's failure to provide an estimate prompted Plaintiffs to schedule a re-inspection. On or around August 2, 2016, Plaintiffs first contacted Defendant to conduct a re-inspection. However, the process of scheduling an inspection was arduous and took several weeks. Plaintiffs was forced to contact an agent and then speak to a customer care advocate.

13. On August 29, 2016, Defendant conducted a re-inspection at the Property with a different adjuster and ladder assist. At the re-inspection, Defendant's second assigned adjuster refused to get on the roof. Instead, the ladder assist got on the roof with Plaintiffs' representative. Although Plaintiffs' representative pointed out objective hail hits and damage to the roof, the ladder assist wrongfully refused to acknowledge the

objective evidence and instead maintained that such damage was due to wear and tear and blisters. Defendant represented that it did not find covered damage to the Property other than to the HVAC caps. Defendant stated the claim will remain closed without payment.

14. Further, Defendant's reliance on the ladder assist's investigation is improper and unreasonable. Defendant's second assigned adjuster is responsible for creating the estimate for the Property. Thus, it should be Defendant's second assigned adjuster who does his own inspection, detailing the damage to the Property. Defendant's second assigned adjuster acted wrongfully and intentionally when he refused to get on the roof at the re-inspection and instead, relied on observations by the ladder assist, a third party construction company. Moreover, Defendant represented that it did not find additional damage from the initial inspection. However, the second assigned adjuster from the re-inspection was not present at the first inspection, nor did the second assigned adjuster actually conduct an inspection during the re-inspection.

15. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiffs' claim was intentionally and knowingly underpaid.

16. Defendant's failure to provide an adequate settlement forced Plaintiffs to hire their own public adjuster to properly evaluate the damage to the Property. On or around September 13, 2016, Plaintiffs' public adjuster inspected the Property. Plaintiffs' public adjuster estimated the value of the damage to be a total of $51,254.02. Plaintiffs' public adjuster's estimate requires a full roof replacement, including but not limited to removing and replacing the following: approximately 53 squares of composition roofing material; roofing felt; drip edge; step flashing, chimney flashing, and flashing per R907.5, which requires that

existing vent flashing, metal edgings, drain outlets, collars, and metal counterflashing shall not be reinstalled where rusted, damaged, or deteriorated; valley lining per IRC R905.2.8.2. and per the manufacturer's specifications; power attic vent covers; trim board; and furnace vents. Additionally, Plaintiff's public adjuster estimated for asphalt starter, which is required per IRC R905.2.4.1 and per manufacturer's specifications, must meet a minimum wind rating of 90 miles per hour, as well as the re-nailing of sheathing.

17. With respect to the exterior, Plaintiff's public adjuster estimated for the removal and replacement of gutters and downspouts. Additionally, the public adjuster estimated for combing and straightening air conditioner condenser fins, as well as the central air condenser fan guard.

18. Plaintiffs' public adjuster's estimate not only requires a full roof replacement, but also estimates for a contractor's compliance with the Occupational Safety and Health Administration ("OSHA"). OSHA dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level **_SHALL_** be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems."  Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added).  This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiffs' damages to the Property as an attempt to further deny Plaintiffs benefits owed under the Policy.

19. Defendant made numerous errors in estimating the value of Plaintiffs' claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiffs' loss, all of which were designed to

intentionally minimize and underpay the loss incurred by Plaintiffs. Specifically, Defendant refused to

conduct a third inspection because at the second inspection, Defendant did not find any wind or hail

damage on the roof shingles. However, Defendant admitted to finding hail damage to the vent caps and

estimated for the replacement of such caps. Defendant's assigned adjuster failed to fully quantify

Plaintiffs' covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a

thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiffs' claim improperly.

20. Defendant's unreasonable conduct and failure to make any payments forced Plaintiffs to hire the legal

services of McClenny Moseley & Associates, PLLC. In a denial letter dated October 11, 2016, Defendant

admitted it only observed hail damage to the HVAC caps at the first and second inspections. Yet,

Defendant continued to allege that the damage was less than the $3,000.00 deductible and therefore, did

not issue payment. Defendant and its assigned adjuster wrongfully adjusted Plaintiffs' claim such that it

was below the deductible.

21. Defendant's assigned adjuster acted as an authorized agent of Defendant. Defendant's assigned adjuster

acted within the course and scope of his/her authority as authorized by Defendant. Plaintiffs relied on

Defendant and its assigned adjuster to properly adjust the claim regarding the Property and to be issued

payment to fix such damage, which did not happen and has not been rectified to date.

22. Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of

the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand

was made by Plaintiffs for proceeds to be in an amount sufficient to cover the damaged Property.

23. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiffs, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiffs filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

24. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiffs.

25. As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiffs with respect to these causes of action.

## **AGENCY**

26. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

27. All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment.

28. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

29. Defendant is liable for the unfair and deceptive acts of its assigned adjuster, Mr. Weiss, because he meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

30. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

31. Plaintiffs entrusted Defendant to properly adjust Plaintiffs' insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiffs of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiffs' damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

32. Defendant and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

A.  Defendant, individually and through its assigned adjuster, Mr. Weiss, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

B.  Defendant, individually and through its assigned adjuster, Mr. Weiss, had a duty to competently and completely handle and pay all covered losses associated with the Property;

C.  Defendant, individually and through its assigned adjuster, Mr. Weiss, failed to properly complete all adjusting activities associated with Plaintiffs' damages; and,

D.  Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiffs, and were a proximate cause of Plaintiffs' damages.

## BREACH OF CONTRACT

33. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

34. Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff. According to the Policy, which Plaintiffs purchased, Defendant had the absolute duty to investigate Plaintiffs' damages, and pay Plaintiffs Policy benefits for the claims made due to the extensive storm-related damages.

35. As a result of the storm-related event, Plaintiffs suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiffs, Defendant breached its contractual obligations under the Policy by failing to pay Plaintiffs cost related benefits to properly repair the Property,

as well as for related losses associated with the subject loss event. As a result of this breach, Plaintiffs have suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

36. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

37. Defendant and/or its assigned adjuster, Mr. Weiss, engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

    B. Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

    C. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

    D. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiffs' claim (TEX. INS. CODE § 541.060(a)(2)-(5));

E.   Failure to properly investigate Plaintiffs' claim (§ 541.060(7)); and/or

F.   Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, Mr. Weiss, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiffs' damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

38. As described in this Original Petition, Defendant represented to Plaintiffs that their Policy and Allstate Vehicle and Property Insurance Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiffs the right to recover proceeds. § 17.46(b)(5).

39. As described in this Original Petition, Defendant represented to Plaintiffs that their Policy and Allstate Vehicle and Property Insurance Company's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

40. By Defendant representing that they would pay the entire amount needed by Plaintiffs to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

41. Defendant has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

42. Defendant's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

43. Defendant's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

44. Plaintiffs are consumers, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant, to their detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs now sue. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages which are described in this Original Petition.

45. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiffs are entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

46. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiffs also seek to recover his costs and reasonable and necessary attorneys' fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiffs may show themselves to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

47. Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

48. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

    C. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim (§ 541.060(a)(3));

    D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§ 541.060(a)(4));

    E. Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060(a)(5));

    F. Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

    G. Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§ 541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.  Failing to state the reasons for rejection (§ 542.056(c));

M.  Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

N.  Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

O.  Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

49. By its acts, omissions, failures and conduct, Defendant has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiffs, the insured and beneficiaries, have a valid claim as a result of their detrimental reliance upon Defendant's unfair or deceptive acts or practices. § 541.151(2).

50. Defendant's aforementioned conduct compelled Plaintiffs to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiffs to file suit. § 542.003(5).

51. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

52. As a result of Defendant's unfair and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf. Accordingly, Plaintiffs also seek to recover their costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show themselves justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

53. Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

54. From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

55. For the breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs, economic hardship, losses due to nonpayment of the amount owed to Plaintiffs, and/or exemplary damages for emotional distress.

## KNOWLEDGE

56. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiffs' damages described herein.

## DAMAGES

57. Plaintiffs will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

58. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorney's fees.

59. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. Because Defendant acted knowingly and intentionally, Plaintiffs ask for three times Plaintiffs' actual damages. TEX. INS. CODE § 541.152.

60. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as interest at the rate of eighteen (18) percent interest per year on the amount of Plaintiffs' claim as damages, together with attorney's fees. § 542.060.

61. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

62. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

63. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiffs, and Plaintiffs seek an amount in excess of the minimum jurisdictional limits of this Court.

64. More specifically, Plaintiffs seek monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

65. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiffs are clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

66. In addition, Plaintiffs are entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

67. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiffs request that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

68. Plaintiffs demand a jury trial, consisting of citizens residing in Dallas County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

69. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiffs request that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Allstate Vehicle and Property Insurance Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Allstate Vehicle and Property Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiffs' underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in his attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Allstate Vehicle and Property Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiffs' claim.

5.  Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.  Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

7.  Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8.  Please produce the emails, instant messages and internal correspondence pertaining to Plaintiffs' underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiffs' home, regardless of whether Allstate Vehicle and Property Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Allstate Vehicle and Property Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Allstate Vehicle and Property Insurance Company and its assigned adjuster, and all correspondence between Allstate Vehicle and Property Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1. Please identify any person Allstate Vehicle and Property Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiffs' claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Allstate Vehicle and Property Insurance Company or Allstate Vehicle and Property Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Allstate Vehicle and Property Insurance Company or any of Allstate Vehicle and Property Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Allstate Vehicle and Property Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

a.     The date and manner in which Allstate Vehicle and Property Insurance Company received notice of the claim;

b.     The date and manner in which Allstate Vehicle and Property Insurance Company acknowledged receipt of the claim;

c.     The date and manner in which Allstate Vehicle and Property Insurance Company commenced investigation of the claim;

d.     The date and manner in which Allstate Vehicle and Property Insurance Company requested from the claimant all items, statements, and forms that Allstate Vehicle and Property Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

e.     The date and manner in which Allstate Vehicle and Property Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiffs' claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Allstate Vehicle and Property Insurance Company anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiffs' claim for insurance benefits been destroyed or disposed of? If so, please

identify what, when and why the document was destroyed, and describe Allstate Vehicle and Property Insurance Company's document retention policy.

10. Does Allstate Vehicle and Property Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Allstate Vehicle and Property Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Allstate Vehicle and Property Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way? If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiffs' claim evaluated? State what performance measures are used and describe Allstate Vehicle and Property Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

70. Plaintiffs pray that judgment be entered against Defendant Allstate Vehicle and Property Insurance Company and that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray they be awarded all such relief to which

they is due as a result of the acts of Defendant Allstate Vehicle and Property Insurance Company, and for all

such other relief to which Plaintiffs may be justly and rightfully entitled. In addition, Plaintiffs request the

award of treble damages under the Texas Deceptive Trade Practices Act and the Texas Insurance Code,

attorney's fees for the trial and any appeal of this lawsuit, for all costs of court on their behalf expended, for

pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law

or in equity, to which Plaintiffs may show themselves to be justly entitled.

RESPECTFULLY SUBMITTED,

*/s/ Kelley A. Seid*
McCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Kelley A. Seid
State Bar No. 24102480
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Kelley@mma-pllc.com
ATTORNEYS FOR PLAINTIFF

**OFFICER'S RETURN**

FILED

Case No. : DC-17-00733

Court No.68th District Court

Style: LAEL ROGERS, et al

17 FEB -1  AM 9: 32

FELICIA PITRE
DISTRICT CLERK
DALLAS CO TEXAS
_____ DEPUTY

vs.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

Came to hand on the __25th__ day of __Jan.__, 20 __17__, at __2:50 P__ o'clock __P__.M. Executed at 1999 Bryan St. Ste.900 Dallas, TX 75201-3140

within the County of __Dallas__ at __9:22__ o'clock __A__.M. on the __30th__ day of __January__

20 __17__, by delivering to the within named Allstate Vehicle + Property Insurance Company

by serving its Registered Agent CT Corporation System by

US Certified mail return receipt received and signed by Christopher Wells

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $ 76 | Christopher Wells |
| For mileage | $_____ | of_____County, |
| For Notary | $_____ | By Kerry Kollie Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of_____, 20____,

to certify which witness my hand and seal of office.

**FELICIA PITRE**
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201-3136**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LAEL ROGERS AND SCOTT ROGERS**

Filed in said Court **19th day of January, 2017** against

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

For Suit, said suit being numbered **DC-17-00733,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUESTS FOR DISCLOSURE, PRODUCTION, AND INTERROGATORIES**, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of January, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By␣␣␣␣␣␣_Kerry Kallie_␣␣␣␣␣, Deputy
␣␣␣␣␣␣␣KERRY KALLIE

---

**CERT MAIL**

**CITATION**

**DC-17-00733**

**LAEL ROGERS, et al**
vs.
**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

ISSUED THIS
**25th day of January, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: KERRY KALLIE, Deputy

**Attorney for Plaintiff**
KELLEY A SEID
MCCLENNY MOSELEY & ASSOCIATES
PLLC
411 N SAM HOUSTON PARKWAY E
SUITE 200
HOUSTON TX  77060
713-334-6121

DALLAS COUNTY CONSTABLE
**FEES** **FEES NOT**
**PAID** **PAID**


**UNITED STATES**
**POSTAL SERVICE.**

Date: January 30, 2017

MAIL MAIL:

The following is in response to your January 30, 2017 request for delivery information on your Certified Mail™/RRE item number 92148901066154000101729462. The delivery record shows that this item was delivered on January 30, 2017 at 9:22 am in DALLAS, TX 75201. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Reference ID: 92148901066154000101729462
DC1700733 DPRO KK
ALLSTATE VEHICLE & PROPERTY INSUANCE COMPANY
BY SERVING ITS REGISTERED AGENT CT CORPORATION
SYSTEM
1999 Bryan St Ste 900
Dallas, TX 75201-3140

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689



9214 8901 0661 5400 0101 7294 62

**RETURN RECEIPT (ELECTRONIC)**

**DC1700733 DPRO KK**
ALLSTATE VEHICLE & PROPERTY INSUANCE COMPANY
BY SERVING ITS REGISTERED AGENT CT CORPORATION
SYSTEM
1999 BRYAN ST STE 900
**DALLAS, TX 75201-3140**

CUT / FOLD HERE

5"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

IMpbCertified8x5Label v2016.09.29.91