UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAEL AND SCOTT ROGERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  3:17-cv-455-M |
| | § | |
| ALLSTATE VEHICLE AND | § | **(JURY)** |
| PROPERTY INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S
RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION AND RULE 12(b)(6) MOTION TO DISMISS**

Defendant, Allstate Vehicle and Property Insurance Company ("Allstate") files this Rule 12(b)(1) Motion to Dismiss Plaintiffs' action for lack of subject matter jurisdiction and Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, and in support would respectfully show as follows:

**I.    SUMMARY OF ARGUMENT**

1.     Allstate seeks to enforce its no-action clause, which expressly requires an insured to submit a signed and sworn proof of loss ("POL") 91 days before filing a lawsuit against Allstate.  The Texas Department of Insurance approved this Policy requirement in 2015, and Plaintiffs agreed to this language in their homeowner's insurance contract.  Nonetheless, instead of returning a signed and sworn POL, Plaintiffs skipped that step and filed this lawsuit in violation of the policy requirement necessary to maintain a lawsuit against Allstate.  Because Plaintiffs did not comply with the POL condition to sue, their lawsuit is not ripe for this Court's consideration and should be dismissed in order to allow the parties to pursue the contractually agreed upon mechanism for resolving disputes such as this one.

2. Even if the Court determines Plaintiffs' causes of action are ripe, the Court should likewise dismiss Plaintiffs' lawsuit because Plaintiffs cannot prove a set of facts to support their claims for relief because they failed to comply with their insurance policy's express requirement to submit a signed and sworn proof of loss ("POL") 91 days before filing a lawsuit against Allstate. Because Plaintiffs did not comply with the POL condition to file a lawsuit, they cannot recover under their alleged breach of contract and extra-contractual claims against Allstate.

## II. INCORPORATED ATTACHMENTS

**Appendix**   Certified copy of Insurance Policy no. 829468546, issued by Allstate Vehicle and Property Insurance Company, effective February 17, 2016 to February 17, 2017.

## III. BACKGROUND FACTS

3. It is undisputed that Allstate issued Plaintiffs homeowners policy no. 829468546, effective February 17, 2016 to February 17, 2017. (Certified copy of insurance policy attached as Appendix pp. 1-43.). The policy includes an explicit provision that Plaintiffs were contractually obligated to satisfy if they disagreed with Allstate's loss determination and before they filed a lawsuit against Allstate. The policy provides:

> 13. **Action Against Us**
>
> No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which **Section I Conditions** applies, unless:
>
> * * *
>
> c) in the event that **you** and **we** fail to agree on the amount of loss claimed by **you**, unless **you** have previously provided to **us** a signed sworn proof of loss, it is a condition under this **Action Against Us** provision that no later than 91 days prior to commencing any action against us that **we** receive

from **you** a signed sworn proof of loss, which contains, to the best of **your** knowledge and belief, the following information:

1)  the date, time, location and cause of loss;

2)  the interest **insured** persons and others have in the property, including any encumbrances;

3)  any other insurance that may cover the loss;

4)  any changes in title, use, occupancy or possession of the property that have occurred during the policy period;

5)  at **our** request, the specifications of any **damaged building** structure or other structure;

6)  the estimated or actual cost to repair or replace the property stolen or damaged by the loss with materials of like kind and quality;

7)  the amount you have actually spent to repair or replace the property stolen or damaged by the loss; and

8)  in the event that **you** give us a signed proof of loss, and after submitting that to us, **you** determine that **you** want to include a claim for additional damage or loss, **you** must submit to us a supplemental proof of loss which identifies the amount of the additional loss for each item damaged or stolen.

>   d)   If after we receive your proof of loss as described in paragraph c) above, **you** and **we** are still not able to agree on the amount of loss, then either party may make a written demand for an appraisal, as described in **Section I Conditions, Appraisal**. If this demand for appraisal is made before an action is filed against **us** in a court of competent jurisdiction, then appraisal must occur before a suit can be filed against **us**. If the demand for appraisal is made after an action has been filed against **us** in a court of competent jurisdiction, then the parties agree to ask the court to abate the further proceeding of that action until the appraisal is completed and a determination of the amount of loss is made as described in **Section I Conditions, Appraisal**.

\* \* \*

(Appendix p. 12-13).

4.   On or about April 11, 2016, Plaintiffs' house, located at 1021 Saddlebrook Drive, Allen, Texas 75002, allegedly suffered damages during a hail storm. Plaintiffs reported their claim to Allstate on July 18, 2016. On July 28, 2016, adjuster Ethan Rosenfeld ("Rosenfeld") inspected Plaintiffs' property on behalf of Allstate. Rosenfeld observed damage to Plaintiffs' property totaling $512.62 before application of deductible and depreciation. Rosenfeld explained Allstate's inspection conclusions to Plaintiffs. A second inspection occurred on or about August 29, 2016 by adjuster Chad Buchanan ("Buchanan"). This inspection did not identify any new damages. Buchanan explained Allstate's inspection conclusions to Plaintiffs.

5.   Despite their policy obligation to provide a proof of loss, Plaintiffs instead filed this lawsuit in Dallas County state court on January 19, 2017 and alleged Allstate breached the insurance contract. Allstate removed the case to this Court on February 17, 2017.

## IV. ARGUMENT AND AUTHORITIES

### A. It is Plaintiffs' burden to Establish Subject Matter Jurisdiction.

6. The "case or controversy" requirement of Article III of the Constitution demands that a case cannot be heard where the existence of the dispute itself hangs on future contingencies that may or may not occur. *Texas v. United States*, 523 U.S. 296, 300 118 S.Ct. 1257, 140 L.E.d 2d 406 (1998); *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (1996) (9th Cir. 1996). "To determine if a case is ripe for adjudication a court must evaluate: (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Texas*, 497 F.3d at 498. Indeed, "it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Halder v. Standard Oil Co.*, 642 F.2d 107, 110 (5th Cir. 1981) (quoting *American Fidelity & Casualty Co. v. Pennsylvania Threshermen & Farmer's Mutual Casualty Insurance Co.*, 280 F.2d 453, 461 (5th Cir. 1960)). In other words, Plaintiffs' allegations that they may not receive allegedly owed benefits under the policy, despite failing to perform their various duties which constitute a condition precedent to recovery, is not a sufficient basis for a lawsuit.

7. At present, no case or controversy exists, and this Court should dismiss Plaintiffs' lawsuit in its entirety under Federal Rule of Civil Procedure 12(b)(1). Courts do not permit litigants to sue first and come up with a reason later. A lawsuit for a breach of contract that may or may not occur in the future is precisely the sort of claim that is not yet justiciable and cannot be heard. Here, as shown above, the Policy requires Plaintiffs to provide a signed and sworn POL to Allstate 91 days prior to filing a lawsuit for any dispute arising out of Allstate's coverage determination. The reason for the TDI approved "Action Against Us" clause is clear. It is a

contractual resolution process that permits Allstate to investigate the circumstances and sworn facts of Plaintiffs' disagreement, to prevent fraud, and to have the ability to resolve their dispute through further negotiation or appraisal **before Plaintiffs filed this action**.  Because Plaintiffs failed to submit the requisite proof of loss requirement prior to filling their lawsuit, they cannot maintain any claims against Allstate arising out of the Policy.

8.  Similar contractually agreed dispute resolution processes have been deemed valid in Texas.  By way of analogy, appraisal clauses define disagreements to the amount of loss as condition precedents to the appraisal process, and render the asserted discrepancies immaterial fact issues for a policyholder's breach of contract claims. *See Candelaria Garcia v. State Farm Lloyds and Sylvia Garcia*, 2016 WL 7234064 (Tex. App—San Antonio, December 14, 2016) Where parties disagree on the amount of loss and submit to contractual appraisal to resolve a dispute, and the insurer pays all covered damages determined by the award, the insured cannot argue that the initial failure to pay covered damages equates to a breach of contract.  *Id*; *see Scalise v. Allstate Texas Lloyds*, No. 7:13-CV-178, 2014 WL 1401679, *5 (S.D. Tex. April 10, 2014).  Once invoked, it is the participation in contractual dispute resolution process that must occur before a breach of contract cause of action can be maintained.  This logic should likewise apply to Allstate's "Action Against Us" clause because it is a contractual provision for dispute resolution that directly impacts the viability of a policyholder's causes of action and avoids unnecessary litigation.  More specifically, Plaintiffs' disagreement that led to this lawsuit does not automatically create a breach of contract cause of action.  Like appraisal clauses, Allstate's "Action Against Us" is a contractual dispute resolution process that must occur before Plaintiffs' breach of contract and extra-contractual claims can exist.

9. Indeed, the prematurity of this lawsuit is highlighted by the plain terms of the insurance policy itself. Before Plaintiffs can bring a lawsuit against Allstate, there must be full compliance with the terms of the "Action Against Us" provision of the Policy. It is a dispute resolution process that must occur before Plaintiffs can assert a cause of action against Allstate for its coverage determination. Plaintiffs' lawsuit is nothing more than an inaccurate hypothetical breach of contract allegation that may or may not exist because Plaintiffs failed to comply with the dispute resolution language set forth in the Policy's "Action Against Us" provision. This is precisely why this Court should dismiss this case for lack of ripeness. *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)(nothing that "[a] court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical").

10. Further, Plaintiffs cannot point to any "hardship" for the dismissal this lawsuit. Plaintiffs were obligated to give Allstate a POL 91 days prior to filing a lawsuit as a contractual requirement for resolving coverage disagreements. Plaintiffs skipped this step. As such, Plaintiffs' claims are not justiciable. It is the Plaintiffs' fulfillment of the "Action Against Us" clause that will permit Allstate to further evaluate and investigate Plaintiffs' dispute, resolve necessary discrepancies, and, if it remains unsolved, permit Plaintiffs to properly bring their cause of actions against Allstate.

**B.  Plaintiffs Failed To State Any Causes of Action For Which Relief Can Be Granted.**

11. Even assuming Plaintiffs' claims are not dismissed for lack of subject matter of jurisdiction, Plaintiffs cannot proceed on their claims because their failure to provide a POL was a condition precedent to maintain a lawsuit against Allstate. When ruling on a 12(b)(6) motion, courts should accept as true all well pleaded factual allegations and any reasonable inferences to

be drawn from them. *Tuchman v. D.S.C. Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994), citing *Shushany v. All Waste. Inc.*, 992 F.2d 517, 520 (5th Cir. 1993). However, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995), citing 5 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1216 at 156–59 (footnote omitted). Importantly, "[A] statement of facts that merely creates a suspicion that the pleader might have a right of action" is insufficient. *Campbell* at 975 (citations omitted). While Plaintiffs generally plead that they satisfied all conditions under the Policy, they wholly failed to comply with Allstate's "Action Against Us" clause and therefore cannot recover under their contractual or extra-contractual claims stemming from their disagreement with Allstate's loss determination.[1] In summary, Plaintiffs cannot offer any specific factual allegations to support their claims for relief against Allstate because they did not first comply with the explicit policy conditions requiring them to file a sworn proof of loss 91 days before filing this lawsuit. Therefore, the Court should dismiss this suit pursuant Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

---

[1] While Allstate attaches Plaintiff's insurance policy number 836167908 as reference, the Court does not need to convert this Motion into a Motion for Summary Judgment. A Court may consider extrinsic materials without conversion to a Motion for Summary Judgment because Plaintiff's insurance Policy was within his possession, he has personal knowledge of the policy and the "Action Against Us" language, and he incorporated the Policy in his Original Petition to support his pleaded breach of contract and extra-contractual causes of action. See Plaintiff's Original Petition pp. 2-3; *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993) (noting that documents attached to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to his claim).

### C. Plaintiffs Cannot Recover for Their Claims Deriving from the Policy Because the Express Condition Precedent to Filing a Lawsuit was Not Satisfied.

12. Historically, POL policy conditions were independent of the no-action ("Action Against Us") clause under a property policy, and they were necessary conditions precedent for recovery under a policy. *Am. Teachers Life Ins. Co. v. Brugette*, 728 S.W.2d 763, 764 (Tex. 1987); *First Sw. Lloyds Ins. Co. v. MacDowell*, 769 S.W.2d 954, 959 (Tex. App.—Texarkana 1989, writ denied); *see Hanover Ins. Co. of New York v. Hagler*, 532 S.W.2d 136, 137 (Tex. Civ. App.—Dallas 1976, writ ref'd n.r.e.) ("It is a settled principle of law in Texas that a stipulation in an insurance contract requiring notice and proof of loss within a reasonable time and on reasonable terms is valid and must be complied with to recover under the policy."); *McKay v. American Central Ins. Co.*, 245 S.W.2d 529, 530 (Tex. App.—San Antonio 1952, no writ) (filing of a proof of loss is a prerequisite to recover on the policy). A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation. *Solar Applications Eng'g, Inc. v. T.A. Operating Corp.*, 327 S.W.3d 104, 108 (Tex. 2010) (quoting *Centex Corp. v. Dalton*, 840 S.W.2d 952, 956 (Tex.1992)). It is well settled in Texas that a "conditions precedent to an obligation to perform [under a contract] are those acts or events, which occur subsequently to the making of a contract, that must occur before there is a right to immediate performance and before there is a breach of contractual duty." *Beacon Nat'l Ins. Co. v. Glaze*, 114 S.W.3d 1, 3 (Tex. App. – Tyler 2003, pet. denied) (citing *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex.1976)). "Where furnishing proof of loss is a condition precedent to liability, no right of action lies against the Insurer until the condition is performed, or its performance has been waived or excused." *Aetna Ins. Co. v. Durbin*, 417 S.W.2d 485, 486-87 (Tex. Civ. App.—Dallas, 1967, no writ) (citing *Whitehead v. Nat. Casualty Co.*, 273 S.W.2d 678, 680 (Tex. Civ. App.—Fort Worth 1954, writ ref'd).

13. Allstate's new no-action "Action Against Us" clause **specifically requires the insured to send Allstate a signed and sworn POL at least 91 days before suing Allstate**.[2] There are no appellate court decisions yet addressing the no-action clause at issue, but its language is clear: Plaintiffs cannot file suit against Allstate disputing the amount of loss unless they have submitted a signed and sworn POL at least 91 days before filing suit. As mentioned above, this condition is designed to allow Allstate an opportunity to investigate the insured's dispute of the loss amount and, if desired, to negotiate a settlement or to invoke appraisal before Plaintiffs commences litigation. (Appendix p. 12-13.) The purpose of requiring a sworn and signed proof of loss is "to enable the insurer to properly investigate the circumstances of the loss while the occurrence is fresh in the minds of witnesses, to prevent fraud, and to enable it to form an intelligent estimate of its rights and liabilities so that it may adequately prepare to defend any claim that may arise." *Hanover Ins. Co. of New York v. Hagler*, 532 S.W.2d 136, 138 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.); *see also First Southwest Lloyds Ins. Co. v. MacDowell*, 769 S.W.2d 954, 959 (Tex. App.—Texarkana 1989, writ denied) (purpose of proof of loss is to apprise the insurer of the facts); *Dairyland Cty. Mut. Ins. Co. v. Keys*, 568 S.W.2d 457, 459 (Tex. Civ. App.—Tyler 1978, writ ref'd n.r.e.) (same).

14. Texas courts have long construed insurance policies according to the general rules of contract construction to ascertain the parties' intent. *Gilbert Texas Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010) (citing *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23 (Tex. 2008)). Courts should look at the language of the policy because it assumes the parties intended what the words of their contract say. *Id.* And if an insurance policy provision is clear and unambiguous, then it must be enforced

---

[2] The POL language at issue in the Action Against Us clause was approved for the first time by the Texas Department of Insurance in 2015.

according to its terms. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex.1984). Courts should strive to honor the parties' agreement and not to remake their contract by reading additional provisions into it. *Gilbert Texas Constr.*, 327 S.W.3d at 126.

16.  There is no dispute as to the existence and express language of the "Action Against Us" clause under the policy. Further, Plaintiffs are presumed to have read the policy and agreed to its terms. *See Rice v. Metro. Life Ins. Co.*, 324 S.W.3d 660, 675 (Tex. App.—Fort Worth 2010, no pet.); *Jenkins v. State & County Mut. Fire Ins. Co.*, 287 S.W.3d 891, 897 (Tex.App.—Fort Worth 2009, pet. denied). Plaintiffs thus had a clear contractual obligation to provide Allstate a signed and sworn proof of loss before filing this lawsuit. And, Plaintiffs did not comply. This Court should therefore honor the "Action Against Us" clause's plain meaning. *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998)(noting that it is black letter law that insurance contracts are governed by the same rules of construction as other contracts). Plaintiffs' failure to submit the POL in accordance with the "Action Against Us" clause prevents him from maintaining a lawsuit against Allstate. As such, the Court should dismiss Plaintiffs' lawsuit.

### D. Plaintiffs Will Not Be Prejudiced By Dismissal, Which Is The Proper Remedy.

17.  Because Plaintiffs failed to comply with the explicit Policy provisions, their breach of contract claim cannot exist. *See New Orleans Pub. Serv.*, 833 F.2d at 586 (nothing that the proper remedy is dismissal). Plaintiffs will not be prejudiced because dismissal merely places the parties in the position that they were in before the Court's jurisdiction was prematurely invoked. More importantly, the "Action Against Us" clause requires policy disagreements to be set forth in a signed and sworn proof of loss 91 days before a lawsuit is filed. Dismissal will allow the parties to attempt resolution pursuant to the contractually agreed upon

method in their insurance contract. For example, upon receipt of Plaintiffs' signed and sworn proof of loss, Allstate will learn more about Plaintiffs' dispute and may invoke its contractual right to appraisal. Or, upon providing the requisite information, Plaintiffs may revaluate their alleged loss and damages in an effort to negotiate a settlement. Regardless, the policy provides a defined process for the parties to resolve their disputes that must be fulfilled before going to court.

## V.
## CONCLUSION & REQUEST FOR RELIEF

18. Allstate was entitled to receive a signed and sworn proof of loss to allow it to investigate the circumstances of Plaintiffs' disagreement concerning the loss while they were still fresh in the witnesses' minds, to prevent fraud, and to have the ability to resolve their dispute through negotiation or appraisal before Plaintiffs filed this action. Instead of submitting the signed and sworn proof of loss as they are contractually agreed to do, Plaintiffs filed this lawsuit in material violation of the no-action/"Action Against Us" clause. For this reason, Defendant asks this Court: (1) to enforce Allstate's no-action/"Action Against Us" condition precedent in the insurance contract; (2) to grant this Motion to Dismiss for Lack of Jurisdiction in its entirety; (3) in the event this Court finds Plaintiffs' causes of action are ripe, to grant Allstate's Motion to Dismiss for failure to state a clam for which relief can be granted; and (3) to dismiss all of Plaintiffs' claims to allow the parties to pursue the mechanism prescribed in the policy for resolving potential disagreements under policy.

Respectfully submitted,

**STACY | CONDER | ALLEN LLP**

By: \_\_/s  David G. Allen_____
David G. Allen
State Bar No.  00786972
allen@stacyconder.com
Danah L. Woods
State Bar No.: 24045259
woods@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas  75202
(214) 748-5000 (Telephone)
(214) 748-1421 (FAX)

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROERTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

On **February 24, 2017** I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

\_\_/s  David G. Allen_____
David G. Allen

DGA/CRIT/581588.1/000003.17025

## VERIFICATION

STATE OF TEXAS  §
  §
COUNTY OF DALLAS  §

BEFORE ME, the undersigned authority, on this day personally appeared David G. Allen, who being by me first duly sworn did on his oath depose and say that every factual assertion contained within Section III – Background Facts is true and correct.

_____
David G. Allen

SUBSCRIBED AND SWORN TO BEFORE ME this February 24, 2017.

_____
Notary Public, State of Texas

CATHY J. WHITE
MY COMMISSION EXPIRES
October 14, 2017