IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROGERS ET AL.**, | § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. 3:17-cv-0455-M |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**, | § § § | |
| Defendant. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Allstate Vehicle and Property Insurance Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (ECF No. 9). For the following reasons, the Motion is **DENIED**.

### I.     Factual & Procedural Background

This lawsuit stems from an Allstate homeowner's insurance policy issued to Lael and Scott Rogers ("the Rogers").[1] The policy was effective from February 17, 2016, to February 17, 2017.

On or around April 11, 2016, a wind and hail storm damaged the Rogers' property. Shortly thereafter, the Rogers submitted a claim for property damage resulting from the storm. On July 28, 2016, Allstate assigned claims adjuster Ethan Rosenfield to investigate the claim. The Rogers believed Mr. Rosenfield's damage estimate was a "severe under-adjustment" of their claim and requested a re-inspection. On August 29, 2016, Allstate assigned claims adjuster Chad

---

[1] The facts described herein are drawn from the Complaint and Plaintiff's Response (ECF No. 1 & 11). The Court is to construe the facts in the light most favorable to Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Buchanan to conduct a second adjustment, but Mr. Buchanan identified no additional damage to the Rogers' property.

On September 13, 2016, the Rogers hired a public adjuster to inspect the property. That adjuster estimated the damage to the property to be $51,254.02. The Rogers sent the public adjuster's information to Allstate, and requested that it again re-inspect the property. The public adjuster provided the location, cause of loss, pictures of the property, specifications of the damage, and an estimate of the cost to repair the damage. The Rogers assert that Allstate confirmed receipt of that information on September 14, 2016. Allstate declined to conduct another inspection.

On January 19, 2017, the Rogers commenced this action in the 68th District Court of Dallas County, Texas, asserting claims for breach of contract, Texas Deceptive Trade Practices Act and Texas Insurance Code violations, and a breach of the common law duty of good faith and fair dealing. Allstate timely removed the action to this Court. Allstate then filed the pending motion to dismiss, arguing that (1) the Rogers did not have standing under Rule 12(b)(1) because they failed to provide a signed and sworn proof of loss ninety-one days before filing suit, and (2) that the Rogers failed to state a claim for which relief can be granted under Rule 12(b)(6). The Court addresses each argument in turn.

## II.    Applicable Legal Standard

### a. *Standing and Federal Rule of Civil Procedure 12(b)(1)*

Allstate first moves to dismiss for lack of standing, which is required for a federal district court to have subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987). Article III standing requires 1) a concrete and particularized injury that is actual or imminent; 2) a causal connection between

the injury and the alleged conduct; and 3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

        b.  *Federal Rule of Civil Procedure 12(b)(6)*

Allstate also moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although detailed factual allegations are not required, the pleading must present more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. at 678. A pleading that offers only "labels and conclusions" or "a formulaic recitation" of the elements of a cause of action will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). When considering a defendant's Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

**III.    Analysis**

Allstate moves for dismissal under Rule 12(b)(1) for lack of standing because the Rogers did not satisfy a condition precedent for filing a lawsuit. Specifically, Allstate argues that the Rogers' claims are not yet ripe for adjudication because the homeowner's policy expressly

3

required the Rogers to submit a signed and sworn proof of loss ninety-one days before filing their lawsuit against Allstate.

The relevant portion of the Rogers' policy states:

13. **Action Against Us**

No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought . . . unless:

a) there has been full compliance with all policy terms; and

b) the action is commenced within two years and one day from the date the cause of action first accrues; and

c) in the event that you and we fail to agree on the amount of loss claimed by you, unless you have previously provided to us a signed sworn proof of loss, it is a condition under this Action Against Us provision that no later than 91 days prior to commencing any action against us that we receive from you a signed sworn proof of loss . . . .[2]

It is undisputed that the Rogers did not provide a sworn proof of loss ninety-one days before filing this lawsuit. Nevertheless, the Rogers contend that Allstate's motion should be denied because they substantially complied with the purpose of the provision by giving Allstate the public adjuster's report as well as giving Allstate the opportunity to investigate the facts and circumstances surrounding their claim. Allstate agrees that the purpose behind the provision is to provide time for it to investigate the facts and circumstances of the dispute, to prevent fraud, and to have the ability to resolve the dispute through further negotiation or appraisal. However, Allstate maintains that the public adjuster's estimate was insufficient to satisfy the requirements under the policy because the documents are unsworn, and therefore, do not meet the unambiguous terms of the insurance policy.

---

[2] ECF No. 10 at 14.

The Texas Supreme Court has adopted a broad notice-prejudice standard when considering whether an insurance policy's proof of loss provision has been violated. *PAJ, Inc. v. Hanover Ins.*, 243 S.W.3d 630, 635 (Tex. 2008).[3] This notice-prejudice standard requires an insurer to show that it was prejudiced by an insured's failure to comply with the policy, regardless of whether the term at issue is a covenant, condition precedent, exclusion, or other provision. *Id.* In *PAJ Inc.*, the Texas Supreme Court reasoned that "conditions are not favored in the law" and that the proof of loss provision is not an essential part of the bargained for exchange in an occurrence based policy.[4] *Id.*

To show prejudice, an insurer must prove that one of the recognized purposes of the provision has been adversely impacted. *Blanton v. Vesta Lloyds Ins.*, 185 S.W.3d 607, 615 (Tex. Civ. App.—Dallas 2006, no pet.). The purpose of requiring an insured to submit a signed and sworn proof of loss prior to filing suit is to allow the insurer "to properly investigate the circumstances of the loss while the occurrence is fresh in the minds of witnesses, to prevent fraud, and to enable it to form an intelligent estimate of its rights and liabilities so that it may adequately prepare to defend any claim that may arise." *Hanover Ins. of N.Y. v. Hagler*, 532 S.W.2d 136, 138 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.). An insurer must be able to provide "more than the mere fact that it cannot employ its normal procedures in investigating and evaluating the claim." *Hamilton Props. v. Am. Ins. Co.*, No. 3:12-CV-5046-B, 2014 WL 3055801, at *9 (N.D. Tex. July 7, 2014) (internal quotations omitted).

---

[3] Prior to the Texas Supreme Court's decision in *PAJ, Inc. v. Hanover*, Texas courts treated proof of loss provisions as a condition precedent to coverage, so that the plaintiff needed to make a showing of substantial compliance to overcome the consequences of failing to strictly comply with the provision. *See Am. Teachers Life Ins. V. Brugette*, 728 S.W.2d 763, 764 (Tex. 1987); *Hanover Ins. Co. v. Hagler*, 532 S.W.2d 136, 138 (Tex. Civ.—Dallas 1974, rhrg. denied).

[4] An occurrence policy covers the insured for acts or omissions that occur within a certain time period.

The Eastern District of Texas has repeatedly addressed the impact of non-compliance with Allstate's notice provision. *Polen v. Allstate Vehicle & Property Insurance Company*, No. 4:16-CV-842, 2017 WL 661836 (E.D. Tex. Feb. 17, 2017); *Lopez v. Allstate Vehicle & Property Insurance Company*, No. 4:17-CV-00103, 2017 WL 1294453 (E.D. Tex. Apr. 4, 2017); W*ilson v. Allstate Insurance Company*, No. 4:16-CV-970, 2017 WL 1313854 (E.D. Tex. Apr. 10, 2017). In all three cases, Allstate issued the plaintiff a Texas homeowner's insurance policy that contained identical "Action Against Us" and proof of loss provision. Like the case at bar, Allstate moved for dismissal under Rules 12(b)(1) and 12(b)(6) based on the plaintiff's failure to comply with the proof of loss provision prior to filing suit, arguing that the plaintiff lacked standing because compliance with the proof of loss provision was a condition precedent to filing suit. In all three cases, the Eastern District of Texas denied Allstate's motion to dismiss, concluding that Texas law required the cases to proceed because Allstate could not show prejudice.

Here, the Rogers submitted a timely claim to Allstate. The Parties discussed and disputed the estimated damage and amount of loss. During that time, the Rogers provided Allstate with information from the public adjuster. Allstate was provided ample opportunity and time to inspect the alleged damage, determine the validity of the Rogers' claims, and engage in settlement discussions. Allstate had multiple adjusters assess the damage, it had the public adjuster's estimate, and the parties communicated about the claimed damage. It is apparent that the Rogers substantially complied with the policy by providing Allstate with the significant information required by the proof of loss provision, and Allstate was not prejudiced by the

Rogers' decision to file suit without submitting a signed and sworn proof of loss. For these reasons, the Court concludes that Allstate's 12(b)(1) motion to dismiss should be denied.[5]

Allstate's motion under Federal Rule of Civil Procedure 12(b)(6) is also based on the argument that the Rogers' claims should be dismissed because the filing of a proof of loss was a condition precedent to a lawsuit against Allstate. Because Allstate makes identical arguments for dismissal under Rules 12(b)(1) and 12(b)(6), and the same precedent applies, the Court similarly finds Allstate's Rule 12(b)(6) argument unpersuasive.[6]

### IV.   Conclusion

For the reasons stated above, Allstate's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion to Dismiss for Failure to State a Claim is **DENIED**.

**SO ORDERED**.

July 28, 2017.

_____
**BARBARA M. G. LYNN**
**CHIEF JUDGE**

---

[5] Allstate cites a case from the Western District of Texas to provide support for the argument that courts have granted a motion to dismiss for lack of jurisdiction when an insurance policy required a signed and sworn proof of loss before filing suit. *See Morales v. Allstate Fire & Casualty Insurance Company*, No. 5:16-CV-01067-DAE, at *1 (W.D. Tex. Feb. 6, 2017). However, the Western District did not consider or analyze Texas Supreme Court precedent with respect to proof of loss provisions. Therefore, the Court finds the Eastern District's line of cases more applicable and persuasive.

[6] In a near identical fact pattern, the Eastern District of Texas recently denied Allstate's motion to dismiss under Rule 12(b)(6) for the same reasons it denied Allstate's motion under Rule 12(b)(1). *Wilson v. Allstate Insurance Company*, No. 4:16-CV-970, 2017 WL 1313854, at *3 (E.D. Tex. Apr. 10, 2017).